(79 Misc. Rep. 617.)

### FULLER v. QUEENS LAND & TITLE CO.

(Supreme Court, Appellate Term, First Department. March 7, 1913.)

PLEADING (§ 142*)—COUNTERCLAIM—SUFFICIENCY OF ALLEGATIONS.

A counterclaim, alleging that plaintiff rented a hotel from defendant and agreed to operate it during the term at the agreed rental of 10 per cent. of all gross receipts of the business, but refused to operate the hotel, to defendant's damage, stated a cause of action, though it did not allege that gross receipts were realized from such operation, since there could be no gross receipts if the hotel were not operated.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 290, 291, 297, 300; Déc. Dig. § 142.*]

Appeal from City Court of New York, Trial Term.

Action by Fred J. Fuller against the Queens Land & Title Company. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued February term, 1913, before SEABURY, GERARD, and BIJUR, JJ.

Arthur B. La Far, of New York City, for appellant.
Stephen M. Hoye, of New York City (Albert E. Richardson, of New York City, of counsel), for respondent.

SEABURY, J. The complaint sets forth a cause of action upon two promissory notes. The answer pleaded a counterclaim. Upon the trial the court held that the counterclaim was insufficient in law on the face thereof, and directed a verdict for the plaintiff. The counterclaim alleged that plaintiff and defendant entered into an agreement, whereby plaintiff rented a certain hotel from the defendant for the term com-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

mencing May 15, 1912, and ending November 1, 1912, and that the plaintiff agreed to operate said hotel during that term "at the agreed rental of 10 per cent. of all gross receipts received by said plaintiff in the operation of said hotel." The counterclaim also set forth the breach of this agreement, and that, by reason of the breach, the defendant sustained damage. These allegations state a cause of action. It is sought to defend the ruling made below on the ground that the counterclaim contained no allegation that gross receipts were realized from the operation of the hotel. How could there be any receipts if the plaintiff refused, in violation of his contract, to operate the hotel? It was this refusal on the part of the plaintiff which constituted a breach of contract on his part. For this breach the defendant was entitled to recover damages. Whether or not the defendant could have established his damage by competent proof, we are not now in a position to determine. We cannot determine from an inspection of the pleadings that the defendant was unable to prove the damages resulting from the plaintiff's breach of contract. The counterclaim stated a cause of action, and should not have been summarily disposed of by a motion upon the pleadings.

Judgment reversed and new trial ordered, with costs to the appellant to abide the event. All concur.